M. A. BUIE AND WIFE, MRS. M. A. BUIE, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 30 October, 1929.)

**Appeal and Error J c—Findings of fact are presumed correct on appeal.**

> Where the finding of fact and conclusions of law of the referee are supported by competent evidence and approved by the trial judge, they are presumed correct on appeal, and upon failure of the appellant to show error the judgment will be affirmed.

APPEAL by plaintiff from *Cranmer, J.,* at Chambers, Southport, N. C., 6 July, 1929. From ROBESON. Affirmed.

The summons in this action was dated 16 December, 1920. The original complaint was filed in 1922. Answer filed 6 February, 1924. Amended complaint filed 7 April, 1926. Amended answer filed 11 June, 1926. October Term, 1926, the action was referred to the Hon. J. Bayard Clark, referee. The referee met the parties and their counsel at Red Springs 26 May, 1927, for the purpose of viewing the premises in controversy, and began taking testimony the same day in Lumberton. The final taking of testimony and hearing argument took place at Lumberton on 27 October, 1927. The referee in minute detail found the facts and gave his conclusions of law favorable to defendant. Plaintiff filed exceptions to the report on 10 June, 1929, and the matter was heard on 6 July, 1929. From the judgment of the court below sustaining the referee's finding of fact and conclusions of law, the plaintiff filed exceptions and made assignments of error and appealed to this Court.

*Johnson & Floyd and Clyde A. Douglass for plaintiffs.*
*Dickson McLean and H. E. Stacy for defendants.*

BUIE *v.* R. R.

PER CURIAM. The main contentions of the parties the Hon. J. Bayard Clark, referee, stated as follows:

"The controversy relates to a small triangular piece of land adjoining defendant's tracks in Red Springs. Plaintiffs allege their ownership in fee of the land and wrongful entry and trespass thereon by defendant; that defendant is estopped from claiming the right to occupy the land by reason of any charter rights because on 1 July, 1884, it took a deed from Hector McNeill for its roadbed proper adjacent to the land in controversy, thereby limiting its charter rights; that defendant has acquired no right to the land in controversy by purchase, condemnation, charter rights or otherwise, and its assertion of the right thereto is a cloud upon plaintiffs' title; that defendant has wrongfully entered and is unlawfully in possession; and plaintiffs ask that they be declared the owners in fee, that the cloud be removed, and that they recover damage. Defendant denies plaintiffs' ownership, and alleges that many years ago its predecessor in title entered into possession of the land in controversy for railroad purposes pursuant to certain charter rights, and that they and it have ever since been in actual possession, using the land for railroad purposes; that it is entitled to an easement of sufficient width on each side of its main line to include the land in controversy; that the land in controversy is necessary in conducting and carrying on both its inter and intra-State business as a common carrier; that any claim which plaintiffs may ever have had to the land in controversy or damages arising from its use is barred by the several statutes of limitations, which it pleads. Upon the hearing a controversy quickly developed as to whether conveyances offered by plaintiffs in proof of title do or do not cover the land in controversy, plaintiffs contending they do and defendants contending they do not."

A carefully prepared map showing the contentions of the litigants, in regard to the disputed *locus in quo*, was filed in the action.

The findings of fact and conclusions of law by the referee comprise fifteen pages of the record. We have carefully read the findings of fact and conclusions of law.

It is well settled in this jurisdiction that error will not be presumed; it must be affirmatively established. The appellant is required to show error, and he must make it appear plainly, as the presumption is against him.

From the findings of fact and conclusions of law by the referee, sustained by the court below, we cannot find any prejudicial or reversible error. The judgment is

Affirmed.