This cause was heard by the North Carolina Industrial Commission. The hearing was held 23 September, 1929, and the Industrial Commission found as a fact that Hettie H. Smith, mother of deceased, was the sole partial dependent of the deceased, Junius Herbert Smith, to the extent of $8.00 per week, and made an award in favor of Mrs. Hettie H. Smith as the sole partial dependent against the Carolina Power and Light Company for compensation at the rate of $4.78 per week, payable weekly for a period of 350 weeks, beginning 29 August, 1929, and funeral expenses in the amount of $200.
Subsequent thereto, to wit, on 25 October, 1929, said Mrs. Hettie H Smith qualified as administratrix of said deceased workman and made application for compensation under the Workmen's Compensation Act as administratrix. Notices were duly issued and a hearing was held on 5 November, 1929. The statement of case, findings of fact, and conclusions of law of the North Carolina Industrial Commission in said cause are as follows: *Page 615 
 Statement of the Case. Junius Herbert Smith, Jr., met with a fatal accident on 29 August, 1929; the defendants admit that the deceased met with an accident while regularly employed by the defendants, and that the said accident resulting in the death of Junius Herbert Smith, Jr., arose out of and in the course of his employment with the defendant. It is also admitted that the average weekly wage, at the time of the fatal accident, was $18.11.
A hearing in this cause entitled "Junius Herbert Smith, Jr., employee, deceased; J. H. Smith, Hettie Harris Smith, Charlotte H. Smith, Lacy E. Smith, Helen L. Smith, W. Daniel Smith, plaintiffs, v. Carolina Power and Light Company, Employer, Self-Insurer, Defendant," was held on 23 September, 1929, before Commissioners Dorsett and Wilson, at Oxford, N.C. Upon hearing in the above-styled case the commission found from all of the evidence that Mrs. Hettie Smith, mother of the deceased, Junius Herbert Smith, Jr., was sole partial dependent. An opinion was filed and an award made to Mrs. Hettie Smith, directing the defendant, Carolina Power and Light Company, to pay compensation at the rate of $4.78 per week for a period of 350 weeks, the funeral expenses not to exceed $200, and the costs of the hearing. No appeal has been perfected from this opinion and award.
Since the date of the hearing, on 23 September, 1929, Mrs. J. H. Smith has been duly qualified as administratrix of the estate of the late Junius Herbert Smith, Jr., deceased. Such qualification is recorded in the office of the clerk of the Superior Court of Granville County, in Book No. 4, Record of Administrators. As administratrix Mrs. Smith, through her able counsel, is contending that the Carolina Power and Light Company, the defendant, pay to her the maximum amount of $6,000, as provided in sections 29 and 41 of the North Carolina Workmen's Compensation Law for death benefits.
The defendant, Carolina Power and Light Company, contends that they have complied with the provisions of the North Carolina Workmen's Compensation Law, in that, they are now paying to Mrs. Hettie Smith as the sole partial dependent of the deceased compensation as called for in an opinion and award directed by this commission, under date of 30 September, 1929, the said opinion and award being based on the hearing conducted by this commission on 23 September, 1929. The defendant introduces as a part of this record the testimony in the first hearing; counsel for the plaintiff objects to the introduction of this testimony; objection was overruled, and exception noted. From the evidence the commission makes the following findings of fact:
Findings of Fact. 1. That Junius Herbert Smith, Jr., while regularly employed by the defendant, met with an accident on 29 August, 1929, resulting in his death. The fatal injury by accident arose out of *Page 616 
and in the course of his employment. His average weekly wage was $18.11. Parties, plaintiff and defendant, are bound by the provisions of the North Carolina Workmen's Compensation Law.
2. A hearing was held in the same cause on 23 September, 1929, at Oxford, N.C. and compensation awarded to Mrs. J. H. Smith as the sole partial dependent as provided in section 38 of the North Carolina Workmen's Compensation Law, whereupon an opinion was filed and an award thereupon was made under date of 30 September, 1929, directing the payment by the defendant to Mrs. J. H. Smith as sole partial dependent compensation at the rate of $4.78 per week for a period of 350 weeks, and funeral expenses not to exceed $200, together with the costs of this hearing. There has been no appeal perfected upon the above award of 30 September, 1929.
3. Mrs. J. H. Smith has duly qualified as administratrix of the estate of Junius Herbert Smith, Jr., and as such, is not entitled to recover under sections 29 and 41 of the North Carolina Workmen's Compensation Law, as compensation has been awarded to dependents as provided for in section 38 of the said Compensation Law.
Upon the foregoing findings of fact the commissioner arrived at the following:
Conclusions of Law. The determinative questions involved in this case are:
1. The legislative intent as to the amount of compensation benefits payable in case of a deceased employee whose death was caused by accidental injury arising out of and in the course of his employment.
2. To whom such benefits are payable where there are dependents.
3. The manner and time for making such payments.
It is a well recognized principle of law that in the construction of any legislative act the courts endeavor to arrive at the real intent and purpose of the Legislature in adopting the act being considered, to give meaning to every section and word of the act in so far as can consistently be done, and in doing this the act, as a whole, must be scrutinized with the view of making effective every part thereof where this does not violate the clear intent and purpose of the whole. In the case of Fortune v.Buncombe County Commissioners, 140 N.C. 322, we find that the Supreme Court has said: "A statute should be construed with reference to its general scope and the intent of the Legislature in enacting it, and in order to ascertain its purposes the courts must give effect to all of its clauses and provisions and must construe ambiguous language in such a sense as will conform to the scope of the act and effectuate its object."
Aside from the written opinions of the courts of the many states construing similar acts as the North Carolina Workmen's Compensation *Page 617 
Act, this act itself volubly expresses the main purpose and intent thereof; the act is entitled, "Workmen's Compensation." Its many sections repeatedly refer to the benefits to the injured employee and his dependents. The act defines "compensation" as "the money allowance payable to an employee or to his dependents as provided for in this act and includes funeral benefits provided herein." (Section 2k.)
This Commission has published in its Bulletin No. 1, page 7, a portion of an opinion written by Justice Pitney of the United States Supreme Court, in New York Central Railroad v. White, 243 U.S. 188. This opinion sustains the constitutionality of the New York Compensation Act, andJustice Pitney points out the evils which the Compensation Laws remedied as being the conditions that existed in industry with its relations to its injured employee such as to make the injured employee and his dependents a burden upon public or private charity.
There can be no doubt that the Legislature intended that the benefits of the act were to flow to an injured workman if the injury did not produce, death, and if death resulted from the injury the benefits were primarily for the benefits of either dependents or partial dependents, and should there be neither then the personal representative should collect the benefits.
By exclusion, except for section No. 29, and section 40, which will be treated separately hereafter, we find that death benefits are payable only to dependents of an injured employee, who were so dependent for three months prior to the accident causing the injury that resulted in death.
The first section of the act in which personal or legal representative is mentioned is section 2(b): "Any reference to an employee, who has been injured, shall when the employee is dead, include also his legal representative, dependents and other persons, to whom compensation may be payable." The compensation payments referred to are provided for only in sections 29, 30, 31, 38, 40.
Section 29, except for the last clause, provides for payment to be made to the injured employee for total disability — which, of course, ceases upon death of the injured employee from causes other than the injury. Bearing upon this and giving light upon this interpretation, we find that section 38 provides: "If death results proximately from the accident and within two years thereafter all while total disability still continues, and within six years after the accident, the employer shall pay for or cause to be paid subject to the other sections of this act in one of the methods hereinafter provided to the dependents of the employee, etc."
Nothing else appearing than the quotation from sections 29 and 38, the conclusion is inevitable that for cases of total disability to an injured employee the Legislature clearly intended that for compensation for *Page 618 
total disability the payments were to be made to an injured employee, and in case of death proximately caused by the injury while total disability continued and within six years after the accident the payments shall continue to be made to the deceased's dependents from date of last payment to the injured workman.
Section 30 provides for compensation payments for partial incapacity, which cease upon the death of the injured employee, unless it is such a case as would come within the purview of section 38 and within two years after the accident, subsequent payments thereon to be continued to the dependents of the deceased.
Section 31 provides for certain specific payments for injuries and we find that section 37 specifically requires any unpaid balance due under section 31 at the death of the injured shall be paid to the next of kin dependent upon the deceased employee unless death is due to a cause compensable under the act, and the dependents are awarded compensation therefor, whereupon the specific payments are to cease.
Section 38 provides for payments to dependents, if any, of employees, in case of death caused proximately by the accident as set out above.
Section 40 provides for payments to the personal representative of the deceased employee where there are no dependents.
We have shown that except for the last sentence in section 29 and section 40, there is no provision made for compensation payments as referred to in section 2(b) to be made to any persons other than the injured employee and his dependents.
The last clause of section 29 is ambiguous and conflicts with sections 38 and 40; considered alone with the provisions of this section it is meaningless. The section deals with payments to be made to injured employee for total incapacity for work, which total incapacity ceases upon the natural death of the injured employee. To construe it as having any connection with any other portion of this section 29 would be to construe the Legislature as having written into the act a life insurance policy upon the life of injured employee in this State sustaining a temporary or permanent total disability in the amount of $6,000. Such a construction would be wholly at variance with the intent and purposes of the whole act and contrary to public policy.
Since it is clearly the primary intent of the Workmen's Compensation Act of this State and other States to provide for compensation to injured employees or their dependents in case of death of employee from injuries resulting proximately from industrial accidents.
Then, second: In case there are no dependents the compensation shall be computed to its present value and paid to the personal representatives. Substantiating this construction, we find section 38 provides for payments *Page 619 
in case of death proximately caused by accident where there are dependents and section 40 provides for payments in case of death caused by accident where there are no dependents. In as much as the last clause of section 29 is redundant as it appears in connection with any other portion of section 29, and is specific neither as to the question (a) was death caused proximately from accidental injury or not? nor the question (b) was the payment to be made if dependency existed or not?
We must conclude that the clause is merely one of limitations of death benefits to an amount of $6,000, and a general clause as relates to the question, "in case of death the total sum paid shall be $6,000," leaving us to look elsewhere to ascertain the legislative intent as to the specific questions of the beneficiary and amounts where there are dependents or are no dependents, such cases being specifically provided for in sections 38 and 40. In a recent opinion by Chief Justice Stacy, in which he dissents from the Court's opinion, in the case of Boyd v. Brooks, 197 N.C. 655, is stated this principle: "Where an act of the Legislature is so vague, indefinite and uncertain that the courts are unable to determine with any reasonable degree of certainty what the Legislature intended, or is so incomplete or is so conflicting and inconsistent in its provision that it cannot be executed, it will be declared to be inoperative and void."
Our Supreme Court, in the case of School Commission v. Alderman, 158 N.C. page 198, has thus stated the rule of construction in similar cases where there is a conflict between the general clauses and specific clauses as follows:
"The ordinary and accepted rule of interpretation is that when a general intent is expressed in a statute and the act also expresses a particular intent incompatible with the former the particular intent is to be considered in the nature of an exception." 1 Lewis Sutherland on Statutory Constructions (2 ed.), 268.
Considering the foregoing with the rule of our Court, as set out just above, we must conclude that section 38 of the act expresses the legislative intent in such a case as is now before us of a compensable injury resulting in death with the deceased having dependents dependent upon him for support at the time of the accident. The case is dismissed; each party will pay its own costs. J. Dewey Dorsett, Commissioner.
From the foregoing award and conclusions of law the plaintiff, Hettie H. Smith (Mrs. J. H. Smith), administratrix of the deceased, appealed to the full Commission as provided by law. The full Commission concurred in the disposition of the cause made by Commissioner Dorsett, and the plaintiff appealed to the Superior Court of Granville County. *Page 620 
The trial judge approved the award made by the North Carolina Industrial Commission. The pertinent part of the judgment of the Superior Court is as follows:
It is hereby ordered, adjudged and decreed that the findings, opinion, conclusions and award of the North Carolina Industrial Commission be, and the same are hereby approved and affirmed; that said award was properly made under section 38 of said Workmen's Compensation Act, which section deals explicitly and in a complete manner with, and applies to, the instant case; that, the last sentence of section 29 of said act, which provides: "In case of death, the total sum paid shall be $6,000, less any amount that may have been paid as partial compensation during the period of disability, payable in one sum to the personal representative of the deceased," does not apply to the instant case, is in irreconcilable conflict with the provisions of section 38 of said act (subsequent to section 29) is inconsistent with the general intent and purport of said act, and is ineffective and inoperative.
It is further ordered, adjudged and decreed that the defendant recover of the plaintiff its costs of action to be taxed by the clerk, subject, however, to the provision in the award set out in the opinion under date of 14 November, 1929, that "each party paying its own proper costs," as said provision applies to costs accrued at that time.
This, 18 February, 1930.
From the foregoing judgment the plaintiff appealed to the Supreme Court.
The Workmen's Compensation Act is built upon two prevailing ideas of compensation and dependency. These ideas are woven into many section of the statute by clear and explicit legislative declaration. An examination of the act, therefore, discloses a dominant purpose to repair the economic loss sustained by the breadwinner and his dependents, as a result of injury arising in the course of employment. Apparently, the rights of distributees and legatees were not deemed to be of prime importance, if the last clause of the section 29 be excluded from consideration.
The bald question of law presented by the record is whether the last clause of section 29 dominates and directs the interpretation of the act. It is a true saying, and worthy of all acceptation, that "the letter killeth but the spirit giveth life." Indeed, this principle, announced by the world's greatest lawyer, has been recognized and applied to the interpretation of statutes by this Court in the case of S. v. Scott,182 N.C. 865, *Page 621 109 S.E. 789. Walker, J. expressed it in this fashion: "The spirit, or reason of the law, prevails over its letter. The meaning of general terms may be restrained by the evident object, or purpose to be attained, and general language may be construed to admit implied exceptions, in order to accomplish what was manifestly intended. It is proper to consider the occasion and the necessity for its enactment, and that construction should be given which is best calculated to advance the object by suppressing the mischief and securing the benefits contemplated. If the purpose, and well ascertained object of a statute, are inconsistent with the exact words, the latter must yield to the controlling influence of the legislative will resulting from a consideration of the whole act." To like effect is the utterance of Adams, J., in Machinery Co,. v. Sellars, 197 N.C. 30, in these words: "It has been said that the letter of the law is its body; the spirit, its soul; and the construction of the former should never be so rigid and technical as to destroy the latter."
Sections 38 and 40, in clear language and in comprehensive detail, provide a legal method of determining compensation for fatal injuries. The last clause of section 29 is totally repugnant to the definite method of settlement prescribed in sections 38 and 40. Moreover, it cannot be merged or blended either with the spirit of the act or the language employed by the Legislature to convey and establish the intent of the lawmaker. Indeed, it is a sort of legal meteor wandering through legal space without substantial relation to any of the bodies which surround it.
The opinion of Commissioner Dorsett, approved by the trial judge, in our opinion correctly interprets the law, and we so hold.
Affirmed.