15022

CUMMINGS v. McCOY

(7 S. E. (2d), 222)

October, 1939.

*Messrs. Lee & Moise* and *Reynolds & Reynolds,* for appellant,

*Mr. Shepard K. Nash,* for respondent,

February 21, 1940.

The opinion of the Court was delivered by Mr. Justice Baker.

This appeal is from an order of the Circuit Court overruling a demurrer to the complaint. The single question raised by the exceptions is:

Does the complaint show on its face that the plaintiff's case comes within the provisions of the Workmen's Compensation Act? Admittedly, if it does, the present action is not maintainable, since the remedies and procedure provided by the Workmen's Compensation Act, Act July 17, 1935, 39 St. at Large, page 1231 *et seq.*, for cases coming within its terms, are exclusive.

The complaint sets forth certain injuries sustained by the plaintiff. The two following paragraphs quoted from the complaint show the foundation of the action and the facts which give rise to the question above stated:

"4. That at the times hereinafter mentioned the defendant employed more than a sufficient number of employees, so plaintiff is informed and believes, to come within the terms of the Workmen's Compensation Act of South Carolina, and the defendant, so plaintiff is informed and believes, contends that plaintiff is bound by the terms of said Act, but this plaintiff alleges that the said Act does not apply to the injuries hereinafter referred to, nor is this plaintiff bound to accept the small compensation therein provided on account of the matters and facts hereinafter set forth.

"5. That heretofore this plaintiff entered the employ of the defendant, and while so employed, on the 20th day of May, 1939, in the afternoon of said day, plaintiff sold a gallon of gasoline in an open container; that while filling said container with gasoline some of the gasoline splashed on plaintiff's trousers, soaking said trousers with gasoline, and plaintiff informed the Manager of the defendant's business of the fact that he had inadvertently splashed gaso-

line on his trousers, and at the same time delivered the proceeds of the sale of the gasoline to the Manager of the defendant's filling station, and that the defendant acting through his agent and servant aforesaid, with knowledge of the serious results which would follow to plaintiff willfully and wantonly struck a match and threw the same on plaintiff's trousers or so near the plaintiff that plaintiff's trousers caught on fire."

As presented by counsel both for appellant and respondent the primary question is whether a civil action is maintainable for injuries resulting from "willful acts of the employer." A proper construction of the complaint, however, does not present that issue.

Whether the Act shall be construed to embrace injuries willfully (that is to say, intentionally) inflicted involves important questions of statutory construction upon which the decisions of the Courts of other states appear not to be in harmony. There is no occasion in this case to adjudicate the matter under the South Carolina Act.

There is no allegation that the defendant's manager intended to injure the plaintiff; and the allegation of willfulness and wantonness is more reasonably attributable to the striking and throwing of the match than to a purpose to injure the plaintiff.

Giving the words "willfully" and "wantonly" the meaning normally attributable to them in pleadings in actions for personal injuries, prevents a construction that would make them charge a deliberate intention to inflict a personal injury. In the absence of additional allegations showing a contrary meaning, these words must be taken to describe the character of the act (in this instance the striking and throwing away of a match) rather than the purpose of the actor.

But regardless of any niceties of verbal construction, a controlling consideration here is that the pleader charges the throwing of the match "on plaintiff's trousers or *so* near the plaintiff that plaintiff's trousers caught fire." Under these

alternative allegations, a well-settled rule relating to the construction of pleadings requires that the complaint be taken to allege that the match was thrown "so near the plaintiff" that his trousers caught fire, and not that it was thrown *on* plaintiff's trousers. *Daniels v. Berry*, 148 S. C., 446, 146 S. E., 420.

In other words, a correct reading of the pleading, and also the common sense of it is that the defendant's manager struck a match and threw the same so near the plaintiff that the latter's trousers caught fire; that he did this willfully and wantonly, and that in consequence the plaintiff was injured. So construed the complaint is clearly one against an employer for injuries sustained by an employee as the result of the negligence, willfulness, and wantonness of the employer's manager in striking a match and throwing it away, without proper regard to the safety of an employee standing nearby.

Such a case is obviously within the contemplation of the Workmen's Compensation Act; that is to say, it sets forth an "injury by accident arising out of and in the course of the employment." Section 2 (f), Workmen's Compensation Act.

It follows that the demurrer should have been sustained and it is so ordered.

Reversed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER and FISHBURNE concur.