John BEAN, Plaintiff,

v.

**PIEDMONT INTERSTATE FAIR ASSOCIATION, Defendant.**

**PIEDMONT INTERSTATE FAIR ASSOCIATION, Third Party Plaintiff,**

v.

**FIREWORKS CORPORATION OF AMERICA, a corporation, Jack Kochman and Jack Kochman, Inc., a corporation, Third Parties Defendants.**

Civ. A. No. 1268.

United States District Court
W. D. South Carolina,
Spartanburg Division.

Oct. 9, 1954.

E. W. Johnson, John C. Williams, Warren P. Justice, Spartanburg, S. C., for plaintiff.

T. B. Butler, Spartanburg, S. C., for defendant and third party plaintiff, Piedmont Interstate Fair Association.

Perrin, Ward & Perrin, Spartanburg, S. C., for third party defendant, Fireworks Corp. of America.

Carlisle, Brown & Carlisle, Spartanburg, S. C., for third party defendants, Jack Kochman, Jack Kochman, Inc.

WYCHE, Chief Judge.

The above case is now before me (1) upon motion of the plaintiff to strike from the answer of the defendant Piedmont Interstate Fair Association the second defense and the third defense on the ground that the defendant Fair Association being neither an eleemosynary corporation nor exempted under the Workmen's Compensation Act and not having elected to comply does not have available to it the defenses as set out in the second and third defenses in its answer (the second and third defenses of the defendant Piedmont Interstate Fair Association's answer allege contributory negligence and assumption of risk, respectively); (2) upon motion of the defendant Piedmont Interstate Fair Association to dismiss the cause of action upon the ground that the defendant Piedmont Interstate Fair Association is an eleemosynary corporation and as such is not liable for its torts, and upon the further ground that, unless defendant be an exempt employer under the provisions of subdivision (8) of Section 72–107 of the 1952 Code of Laws of South Carolina, the rights, liabilities and remedies provided in the South Carolina Workmen's Compensation Act and the jurisdiction of the South Carolina Industrial Commission thereunder, are exclusive, and that any right of the plaintiff and any liability of the defendant in that event is limited to the amounts and benefits payable under the South Carolina Workmen's Compensation Act, and the jurisdiction of the South Carolina Industrial Commission is exclusive with respect to plaintiff's injuries and that this Court is without jurisdiction of this action.

The defendant Piedmont Interstate Fair Association has amended its answer to allege that "Without waiving, but on the contrary expressly reserving, its rights under its other defenses in this Answer, and while alleging that it is an eleemosynary, charitable or other similar type of corporation or association under the laws of the State of South Carolina, and as such not liable to the Plaintiff at common law, under the South Carolina Workmen's Compensation Act, or otherwise, Defendant nevertheless alleges that, unless it be an exempt employer under the provisions of subdivision (8) of Section 72–107 of the 1952 Code of Laws of South Carolina, the rights, liabilities and remedies provided in the South Carolina Workmen's Compensation Act, 1952 Code of Laws of South Carolina, Section 72–1 et sequitur, and the jurisdiction of the South Carolina Industrial Commission thereunder, are exclusive and that any right of the Plaintiff and any liability of the Defendant in that event would be limited to the amounts and benefits

payable under the South Carolina Workmen's Compensation Act, and the jurisdiction of the South Carolina Industrial Commission (is) exclusive with respect to Plaintiff's injuries, and this Court is without jurisdiction of the subject matter of this action."

It is my opinion that the defendant Piedmont Interstate Fair Association is an eleemosynary corporation chartered under the statutory law of South Carolina for chartering charitable and eleemosynary corporations, pursuant to Chapter 12 of the Code, § 12–751 et seq., and as such is not liable for its torts. The defendant Piedmont Interstate Fair Association's motion to dismiss upon this ground should be granted, and

It Is So Ordered.

With reference to the second ground of the defendant Piedmont Interstate Fair Association's motion to dismiss, it appears that under the South Carolina Workmen's Compensation Act, 1952 Code of Laws, Section 72–1 et seq., there are two classes of employers: (1) Those who are automatically under the Act and (2) those who are exempt from its provisions and, therefore, as to whom the Act never comes into effect. If an employer has as many as fifteen employees regularly employed, Section 72–12 and Section 72–13, and is not exempt, Section 72–107, the Act is presumed to apply, Section 72–110. When the Act is automatically applicable to an employer, no affirmative action on anybody's part is required in order to make the Compensation Act applicable, but such an employer may reject the Act, by affirmative notice to that effect, as provided by Sections 72–101 and 72–105. Unless such an automatically covered employer gives this notice, and none such was given in this case, the Act is applicable. No affirmative step is required by an automatically covered employer to bring it under the Act. If an automatically covered employer rejects the Act by this affirmative action, then that employer loses the right to common law defenses of contributory negligence, assumption of risk and negligence of fellow employees, Section 72–118.

But as to those employers who are exempt from the Act, such as those who have less than fifteen employees, railroad companies, farm employers, steam laundries, etc., Section 72–107, the Act never applies to them at all unless they voluntarily elect to be bound by the Act in the manner provided by Section 72–109, see Section 72–107.

In other words, it requires an affirmative act on the part of automatically covered employers to reject the Act in order to make it inapplicable to them, and in case of exempt employers the Act is never applicable unless they take an affirmative act constituting an election to be bound by the Act.

Laying aside the question of the eleemosynary character of the defendant, the question arises whether it is a "State or County Fair Association" within the meaning of subdivision 8 of Section 72–107.

If those terms include the type of Fair Association, which the defendant is, then it is exempt from the provisions of the Act, and the Act never became applicable to it, and whatever liability it might have would be at common law, and it would be entitled to the defenses of contributory negligence, assumption of risk and fellow servant. It not having taken affirmative action to elect to come under the Act, the Act never was applicable to it.

If, on the other hand, the defendant is not embraced within the definition in Section 72–107 as a State or County Fair Association, it was automatically under the Act and no affirmative action on its part was required to continue it under the Act, and it not having affirmatively elected to reject the Act, it continued under the Act. It did not have to give notice that it would be bound by the Act which, by Section 72–101, it was presumed to be bound. The question, therefore, seems to depend upon whether this defendant is embraced within the exemption provided for State and County Fair Associations, and if it

388

is not exempt the Act remains applicable. It is my opinion that the defendant is not exempt on this ground. That the Legislature intended that the Act might not be avoided is evidenced by the whole tenor of the Act, and especially Section 72–131 and Section 72–132, which prevent an employer from avoiding the Act other than by electing to reject it. And if the Act be applicable, then the rights and remedies therein provided are exclusive, Section 72–121, and this Court would have no jurisdiction. There is no provision that the Act shall be inapplicable to an automatically covered employer, unless he takes affirmative action to be bound by the Act, and the Act continues effective without regard to any affirmative act on the part of such automatically covered employer.

The case of Googe v. Speaks, 194 S.C. 206, 9 S.E.2d 439, means that the manner of raising the question of the applicability of the Act is procedural, that is that it must be raised by plea, and that it cannot be raised without such a plea, but once raised in this manner, the Act is applicable and this Court has no jurisdiction. Certainly this Court has no power or authority to administer the Workmen's Compensation Act, and questions under that Act such as the time of filing of claim, estoppel, or otherwise, would have to be determined by the tribunal set up for that purpose, to wit, the South Carolina Industrial Commission.

The question of the applicability of the Workmen's Compensation Act is raised by plea in the answer of the defendant Piedmont Interstate Fair Association, and the question is now squarely before this Court as to whether the Act is, or is not, applicable, and if it is applicable this Court has no jurisdiction and the only proper disposition of the case is for the Court to dismiss the case and leave the parties to those exclusive rights and remedies provided by the Workmen's Compensation Act.

■ If the defendant Piedmont Interstate Fair Association is not an eleemosynary or charitable corporation under the laws of the State of South Carolina, as I have found it to be in this Order, and therefore not exempt from the Workmen's Compensation Act of South Carolina, and having concluded that the defendant Piedmont Interstate Fair Association is not exempt as a State or County Fair Association, I must conclude that such defendant is under the South Carolina Workmen's Compensation Act, and that the motion to dismiss upon the second ground should be granted, and

It Is So Ordered.

Having reached the foregoing conclusions, it is not necessary for me to pass upon plaintiff's motion to strike from the answer of the defendant Piedmont Interstate Fair Association the second and third defenses, and neither is it necessary for me to pass upon motions made by the third party defendants.