**Frances RITTER, Plaintiff,**

v.

**ALLIED CHEMICAL CORPORATION, Defendant.**

**Civ. A. No. 67–523.**

United States District Court
D. South Carolina,
Columbia Division.

May 8, 1968.

Dallas D. Ball, of Lee & Ball, Columbia, S. C., for plaintiff.

William M. Bowen, Beaufort, S. C., by J. Edwin Belser, Columbia, S. C., for defendant.

HEMPHILL, District Judge.

Defendant seeks judgment on the pleadings as contemplated by Rule 12 (c) Federal Rules of Civil Procedure. It appears that the motion is timely. The essential question, however, is whether plaintiff's sole and exclusive remedy is before the South Carolina Industrial Commission by virtue of the fact that the incidents referred to in the complaint, and out of which the accident arose, took place while she was at work on the premises of, and as an employee of, the defendant. If the exclusive remedy is under jurisdiction of the South Carolina Industrial Commission, this court is without jurisdiction.

Under the provisions of Chapter I (General Provisions) of the South Carolina Workmen's Compensation Act, Title 72, South Carolina Code, the legislature has set forth certain definitions, which, when considered as to any claim made, or possible to be made, are essential prerequisites. The statutory compensation which is to be awarded is for "disability" as defined by the legislature,[1] and this is measured by the employee's capacity, or incapacity, to earn the wages which (s)he was receiving at the time of his injury. Keeter v. Clifton Mfg. Co., 225 S.C. 389, 82 S.E.2d 520 (1954). It is otherwise stated as the compensation for, or to relieve from, the loss or impairment of an employee's capacity to earn, or from the deprivation of support from his earnings. Ingle v. Mills, 204 S.C. 505, 30 S.E.2d 301 (1944). Shealy v. Algernon Blair, Inc., 250 S.C. 106, 156 S.E.2d 646 (1967).

Another definition of the legislature defines the term "employee."[2]

---

1. S.C.Code Anno. § 72–10. The term "disability" means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment.

2. S.C.Code Anno. § 72–11. The term "employee" means every person engaged in an employment under any appointment, contract of hire or apprenticeship, express or implied, oral or written, including

The plaintiff, as the record and depositions reveal, comes under the term "employee," but has not shown any disability. In keeping with the philosophy outlined in Section 72–10, the legislature further enacted Section 72–153, S.C.Code, which sets forth a schedule calculating disabilities in terms of lost wages and includes disfigurement.

It is obvious that the exclusive nature of the remedy afforded by the South Carolina Workmen's Compensation Act is directly related to the effect of compensation either claimed, due, or paid, under those statutes which the legislature has enacted as the ground rules. Proceedings before the South Carolina Industrial Commission have their genesis in statutes and are controlled and guided by statutes. The statutory remedies are invested in the Commissioners throughout the entire pursuit of the claim for compensation benefits, and up to and until the case is terminated or finalized by appropriate order.

We do not have such a case here. The plaintiff was at work at the time of the alleged assault, or affront, by a superior employee. In her deposition she states that the results were a scratch on the hand and certain soreness. She does not claim any of the disabilities, or the contemplated disfigurement contemplated and treated by South Carolina as compensable under the provisions of Section 72–153, of the South Carolina Code. Nor does she claim total disability, as contemplated by the South Carolina legislature in enacting Section 72–151 of the South Carolina Code or partial disability as contemplated by Section 72–152. There is no hernia involved.[3] There is no loss time accident involved.[4] She does not pursue a workmen's compensation claim in this court.

■ "A compensation act that is compulsory or that has been accepted by both employer and employee excludes other remedies *only when conditions existing in a particular case have brought it within the terms of the (workmen's compensation) Act.* The mere fact that the employer and employee are subject to the act does not deprive them of their common-law remedies if conditions in the case place it outside the scope of the act, as, for example, where the injury suffered was not caused by an accident, or did not result in disability. * * *" Stewart v. McLellan's Stores Co., 194 S.C. 50, 9 S.E.2d 35.

Defendant seeks shelter under the instructive language of Thompson v. J. A.

aliens and also including minors, whether lawfully or unlawfully employed, but excluding a person whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer; and as relating to those so employed by the State, the term "employee" shall include all members of the South Carolina State Guard when actually attending drill or when upon call of their superior officers for actual service or otherwise and all officers and employees of the State, except only such as are elected by the people, or by the General Assembly, or appointed by the Governor, either with or without the confirmation of the Senate; and as relating to municipal corporations and political subdivisions of the State, the term "employee" shall include all officers and employees thereof, except such as are elected by the people or elected by the council or other governing body of such municipal corporation or political subdivision, who act in purely administrative capacities and are to serve for a definite term of office. Any reference to an employee who has been injured shall, when the employee is dead, include also his legal representative, dependents, and other persons to whom compensation may be payable.

3. Section 72–154, South Carolina Code Anno., treats compensation for hernia.

4. The following is the testimony of the plaintiff taken from her deposition:
"Q Were you able to go back and do your work the next day?
A Well, I didn't have to. They told me not to come back in until they called me.
Q In other words, they suspended you at that time?
A I guess you'd call it that.
Q But you would have been physically able to do the job had they not suspended you? In other words, you didn't lose any time as a result of that other than just the immediate pain, humiliation and embarrassment?
A That's right."

Jones Const. Co., 199 S.C. 304, 19 S.E.2d 226. The decision in that case pivoted on the right of a defendant, sued at common-law, to plead as a defense that the action was barred under the provisions of the Workmen's Compensation Act. The court ruled that the defense was proper under the circumstances of the case, but did not pass upon the factual issues as such. Quoting from Cummings v. McCoy, 192 S.C. 469, 7 S.E.2d 222, the court said:

> Only the facts and circumstances of the injury can determine whether it is, in the foregoing view, compensable and, therefore, whether the employee's remedy is exclusively under the Compensation Law.

Nor is McCarty v. Kendall Co.[5] of help in this decision; that case involved a state of facts in which the plaintiff had, in fact, received compensation under the Workmen's Compensation Law.

The court has examined Bean v. Piedmont Interstate Fair Association, 124 F. Supp. 385 (W.D.S.C.1954), on the issues therein described. This court does not find that case controlling, applicable to the issues here. To follow the logic of *Bean* in this case, the court would have to find that a Workmen's Compensation claim exists, or was pursued by the plaintiff in this action. The facts presently before the court do not reveal such to be true. Therefore, the decision of *Bean* that federal courts would not have jurisdiction of a tort action when an obvious claim for Workmen's Compensation exists would not have a binding effect because of the difference in the factual situations.

Defendant's position is without merit at this stage of the case and the motion is refused. Defendant may, however, pursue the matter during the trial, at such time as accumulated facts may reveal a situation to which the *Bean* theory, and the South Carolina statutes, are applicable for purposes of remedy.

In accordance with 28 U.S.C. § 1292 (b), the court hereby certifies that it is of the opinion that the within order involves controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal from the within interlocutory order of the court may materially advance the ultimate termination of the litigation; and that either party should have the opportunity to apply to the Court of Appeals for the Fourth Circuit for permission for an appeal to be taken from such order if either should so desire. Should such application be granted by the Court of Appeals, then further proceedings in this case shall be stayed until a determination of the appeal.

And it is so ordered.