0428

Jane DOE, Appellant, v. SOUTH CAROLINA
STATE HOSPITAL, Respondent.

(328 S. E. (2d) 652)

Court of Appeals

*Charles E. Hill,* of *Turner, Padget, Graham & Laney,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Raymond G. Halford* and *Asst. Attys. Gen. Edwin E. Evans* and *Robert D. Cook,* Columbia, *for respondent.*

Heard Oct. 15, 1984.

Decided April 1, 1985.

SANDERS, Chief Judge:

Appellant brought this action in tort against the South Carolina State Hospital. The Honorable Samuel B. Mendenhall granted summary judgment in favor of the hospital holding appellant's "sole and exclusive remedy lies under Work[ers'] Compensation." We affirm, adopting, for the most part, the excellent order of Judge Mendenhall.

At the time of the event which gave rise to this action, appellant was employed by the South Carolina Department of

Mental Health as a nursing supervisor at the South Carolina State Hospital. She alleges the agents and employees of the Hospital were negligent in allowing a mental patient to escape and later rape her while she was on duty, causing her to suffer severe mental injuries.

The record reveals that appellant also suffered serious physical injuries from the attack. She was bruised by the patient's slapping her, and she suffered a tear in her vaginal wall from the rape. Because of the vaginal wound, appellant lost a considerable amount of blood and had to undergo surgery to repair the tear. She remained under the care of a doctor for about a week, receiving medication both for her pain and her injury. As a result of these injuries, appellant missed 3½ days from work. Although appellant filed no claim for Workers' Compensation benefits, her hospital and doctor bills amounting to over $800 were paid by the State Workers' Compensation Fund on a claim filed by her employer.

Section 42-1-540 of the 1976 Code of Laws of South Carolina, a part of the Workers' Compensation Act, provides:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, *shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death.* (Emphasis added.)

This provision is intended to bar all actions against an employer where a personal injury to an employee comes within the Act. It thus makes the Act the exclusive means of settling all such claims. *Lowery v. Wade Hampton Co.*, 270 S. C. 194, S. E. (2d) 556 (1978).[1]

---

[1] The allegations of the complaint are not controlling with respect to whether the Act is the exclusive remedy available to a plaintiff. Like any other affirmative defense, only after the establishment of the facts and circumstances can it be determined whether the employee seeks to "sue at law upon a claim cognizable only upon the Workmen's Compensation Act." *Thompson v. J. A. Jones Constr. Co.*, 199 S. C. 304, 313, 19 S. E. (2d) 226, 230 (1942). If the *material facts proved* bring the case within the terms of the Act, "the employee is restricted to his right of claim for compensation under the Act." *Marchbanks v. Duke Power Co.*, 190 S. C. 336, 2 S. E. (2d) 825, 836 (1939).

Section 42-1-160 of the Act defines "injury" and "personal injury" as an "... injury by accident arising out of and in the course of employment. . . ." Thus, the three criteria for determining whether an injury is compensable are (1) accident, (2) arising out of employment and (3) arising in the course of employment. As counsel for appellant conceded at oral argument before this court, the real-dispute here involves the second criterion. Therefore, we shall address it at length after discussing the first and third.

An intentional assault upon an employee by a third person is an "accident" because it is unexpected.when viewed from the employee's perspective. *Thompson v. J. A. Jones Construction Co.*, 199 S. C. 304, 310, 19 S. E. (2d) 226 (1942).[2] The incident which led to the rape of appellant was certainly unexpected from her point of view and constitutes an accident within the meaning of the Workers' Compensation Act.

> An injury arises in the course of employment . . . when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties, or engaged in something incidental thereto.

*Fowler v. Abbott Motor Co.*, 236 S. C. 226, 113 S. E. (2d) 737, 739 (1960). There is no question here that appellant was assaulted at her place of employment, during her working hours and while she was in the performance of her duties as a nursing supervisor in the Saunders Building on the Hospital's campus. Her complaint specifically pleads these facts.[3]

Concerning the second criterion at issue in this case, it has been held that an injury

> [A]rises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions un-

---

[2] We recognize that an intentional and malicious assault and battery by an employer on an employee which resulted in no physical disability was found not to constitute an "accident" in *Stewart v. McLellan's Stores Co.*, 194 S. C. 50, 9 S. E. (2d) 35, 37 (1940). However, as hereafter discussed, the facts in *Stewart* are not analogous to those of the instant case on this issue.

[3] In a different situation, this issue may be one of fact. *See Fernander v. Thigpen*, 273 S. C. 28, 253 S. E. (2d) 512 (1979).

der which the work is required to be performed and the resulting injury.... [I]f the injury ... followed as a natural incident of the work and [would] have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment.

*Carter v. Penney Tire & Recapping Co.*, 261 S. C. 341, 200 S. E. (2d) 64, 65 (1973), *quoting, Bridges v. Elite, Inc.*, 212 S. C. 514, 519, 48 S. E. (2d) 497, 498-499 (1948). Where an employee is assaulted by a third person, the assault arises out of the employment "... if the risk of assault is increased because of the nature of setting of the work...." *Carter*, 200 S. E. (2d) at 66, and *Skipper v. Southern Bell Telephone & Telegraph Co.*, 271 S. C. 152, 246 S. E. (2d) 94, 96 (1978), *citing*, 1 A. Larson, *Workmen's Compensation Law* § 11 (1984).[4]

Appellant argues that her injury did not arise out of her employment because none of her duties at the Hospital related to Clay, whom she contends was out to rape any woman. She further argues that once Clay escaped from the Hospital, all women in the area were at equal risk of harm by him. We are not persuaded by these arguments for the reasons set forth below.

In her complaint and deposition, appellant enumerates a wide variety of acts and omissions by the Hospital which she contends increased the risk of assault upon her "because of the nature or setting of the work." For example, she alleges her employer failed "to make the hospital campus secure from easy access by unauthorized persons" and failed "to provide sufficient security for ingress and egress from the campus." In addition, she maintains the Hospital required her "to work in an area without adequate visibility from other areas of the Saunders Building so she was susceptible to such an attack," and neglected "to provide an alarm system so that persons in such a position as [p]laintiff could alert security personnel in the event of an attack." She further alleges that inadequate security personnel and a

---

[4] Whether an employee's injuries arise out of employment is, in part, a factual issue, but where the facts are virtually undisputed, the issue is primarily one of law. *Carter*, 200 S. E. (2d) 64, 67.

lack of upgrading of security measures, as well as a failure "to keep a sufficient number of supervisors on duty in the building where [p]laintiff was working," contributed to the attack upon her. In her deposition, appellant testified that her working environment at the Hospital contributed to the occurrence of the rape. Her own pleadings and testimony defeat her argument that her injury did not arise out of her employment. *See Elrod v. All,* 243 S. C. 425, 134 S. E. (2d) 410 (1964) (parties are bound by their pleadings, and the allegations, statements or admissions contained therein are conclusive against the pleader).

Accordingly, in regard to the above criteria for compensability, we find no genuine issue of material fact which would have precluded the trial judge from granting the Hospital's motion for summary judgment. *See Merritt v. Smith,* 269 S. C. 301, 237 S. E. (2d) 366 (1977).[5]

Appellant next argues that her case falls outside the scope of the Workers' Compensation Act because her injury did not result in a disability. In support of her argument, she cites *Stewart V. McLellan's Stores Co.,* 194 S. C. 50, 9 S. E. (2d) 35 (1940) and *Ritter v. Allied Chemical Corp.,* 295 F. Supp. 1360 (D.S.C. 1968), *aff'd,* 407 F. (2d) 403 (4th Cir. 1969). In response to this argument, we adopt the following portion of the trial judge's order, as slightly modified:

---

[5] A number of other jurisdictions have addressed the same or similar factual situation present here and have held the only remedy available to the plaintiff was pursuant to the Workers' Compensation Act because the injuries suffered resulted from an accident arising out of and in the scope of employment. *See Helton v. Interstate Brands Corp.,* 155 Ga. App. 607, 271 S. E. (2d) 739 (1980) (summary judgment granted on behalf of employer in a tort action, where employee alleged she was abducted, assaulted and raped by an unknown male assailant, and that the employer failed to maintain a well lighted and secure parking lot; employee's remedy, if any, was workers' compensation); *Employers Ins. Co. of Alabama v. Wright,* 108 Ga. App. 381, 133 S. E. (2d) 39 (1963) (workmen's compensation represented only existing remedy for plaintiff who was assaulted and raped; and the employment "increased the risk of the attack, and subjected [employee] to a danger peculiar to the employment.") *Arnold v. State,* 94 N. M. 278, 609 P. (2d) 725 (1980) (injuries to the plaintiff employee, who had been assaulted and raped by one of the mentally retarded students at her facility, arose out of and in the course of the plaintiff's employment); *Ross v. State,* 8 A. D. (2d) 902, 187 N. Y. S. (2d) 13 (1959) (plaintiff who was employed by a state mental hospital as an attendant, was stabbed by a patient while the attendant was attempting to apprehend the patient and return him to the hospital; plaintiff's sole remedy was pursuant to the Workmen's Compensation Act).

Appellant, in essence, argues that the additional mental trauma and humiliation which she has incurred as a result of this attack upon her may be segregated from the physical harm and compensated for in this tort action. She contends that "the essence of the impact of rape" is not the physical injury, but mental trauma. She further argues that she has suffered no "disability," as defined in the Workers' Compensation Act, which would entitle her to an actual compensation award. Her arguments must be rejected for the following reasons:

First, it is fundamental that if an accident arising out of and in the course of employment results in physical injury or trauma, and additionally, mental injuries are caused by the same accident, the remedy for all injuries lies solely under the Workers' Compensation Act. Illustrative is Professor Larson's statement that:

> when there has been a physical accident or trauma, and' claimant's disability is increased or prolonged by traumatic neurosis, conversion hysteria or hysterical paralysis, it is not uniformly held that the full disability including the effects of the neurosis is compensable. Dozens of cases, involving almost every conceivable kind of [mental injury] ... have accepted this rule.

1B A. Larson, *Workmen's Compensation Law* § 42.22 (1982). This is the law in South Carolina. Where there are physical injuries, any accompanying mental injuries resulting from the same accident may not be segregated in an attempt to render the Act non-exclusive with respect to the mental stress. *See Skipper v. Southern Bell Telephone & Telegraph Co.*, 246 S. E. (2d) at 94; *cf., Lowery v. Wade Hampton Co.*, 241 S. E. (2d) at 556 (suit for loss of consortium barred). In the present case, the appellant's efforts to characterize her injuries as "primarily" mental, as opposed to physical, must fail. *See Kennedy v. Williamsburg County*, 242 S. C. 477, 131 S. E. (2d) 512 (1963) (severe case of paranoid schizophrenia resulting from incident involving an assault upon plaintiff, a prison guard, by prisoners; injuries guard received [lacerations and contusions] from the incident, which was determined to be an accident arising out of and in the course of employment, were compensable under the Work-

ers' Compensation Act).

Secondly, the fact that no actual monetary award can be made pursuant to the Act, or what appellant perceives as an inadequate award is made, has no bearing whatever on the Act's exclusivity. A tort action may not be brought against the employer regardless of whether the particular injury suffered is subject to actual compensation.[6] If an injury arises out of and in the course of employment, the employee is "restricted to his right of *claim* for compensation under the Act." *Marchbanks v. Duke Power Co.*, 190 S. C. 336 2 S. E. (2d) 825, 836 (1939). (Emphasis added.) While employees injured by such accidents surrender their right to sue, in return they receive a right to *seek* Workers' Compensation benefits. However, the employee is not guaranteed that if he does not receive all the benefits which he perceives adequate, he possesses the additional remedy of a lawsuit. The exclusivity of the Act cannot be made contingent upon the adequacy of the award. In short, a clear distinction must be drawn between an injury which does not come within the Act, and an injury which is itself covered but for which, under the facts of the particular case, no compensation is payable. 2A A. Larson, *Workmen's Compensation Law*, § 65 (1983).

We find a factual situation analagous to the facts here in the case of *Lowery v. Wade Hampton Co.* Like the instant case, *Lowery* involved an attempt to bring a tort action against an employer because of an injury suffered by its employee arising out of and in the course of employment. The employee's husband brought an action against the employer for loss of consortium in connection with his wife's accident and resulting injuries. The employer made a motion for judgment on the pleadings, contending that the Industrial Commission possessed exclusive jurisdiction to hear and determine the claim. The trial court denied the employer's motion. The Supreme Court reversed on the basis that section 42-1-540 bars a suit by an employee's spouse against the employer for loss of consortium. In doing so, it characterized the exclusivity provision of that Code section as "sweeping."

While the instant case obviously does not present exactly

---

[6] *See Blue Bell Globe Mfg. Co. v. Baird,* 64 Ga. App. 347, 13 S. E. (2d) 105 (1941); *Tredway v. District of Columbia,* 403 A. (2d) 732 (D. C. 1979).

the same factual situation, *Lowery* squarely stands for the principle that the Act provides the exclusive remedy for injuries resulting from an accident arising out of and in the course of the employment, whether or not the particular injury may be compensated by a monetary award under the Act. In *Lowery*, the court determined that section 42-1-540 barred the tort action even though (parenthetically) the particular injury sought to be compensated for in that action, loss of consortium, was plainly not a "disability" pursuant to section 42-1-120, and was not subject to an award under the Act. Similarly, the fact that appellant may not have suffered a "disability" with respect to particular injuries alleged or sustained and, thus, might not receive a full award under the Act, does not entitle her to bring this action.

Appellants reliance upon *Stewart v. McLellan's Stores Co.*, and *Ritter v. Allied Chemical Corp.*, is misplaced.

*Stewart* was decided primarily upon the basis of an *employer's* assault upon an employee. The case carefully distinguished assaults upon employees by "outsiders." While *Stewart* does contain language indicating that a "physical disability" is necessary for the Act to constitute the exclusive remedy, *Thompson v. J. A. Jones Construction Co.*, decided immediately after *Stewart*, not only limits *Stewart* to its facts, but casts considerable doubt upon any conclusion in *Stewart* regarding disability as a prerequisite to exclusivity. No mention was made in *Thompson*, except by the dissent, of any additional requirement of disability to make the Act exclusive. A majority in *Thompson* implicitly rejected the dissent's reliance upon *Stewart* for the idea that, without a showing in the complaint of physical disability, a tort action against the employer would lie.

*Ritter*, which involved a federal court's interpretation of the South Carolina Workers' Compensation Act, is also inapplicable. *Ritter*, like *Stewart*, involved an assault on the employee. (The assault was not committed by the employer directly but by a "superior employee.") The employee, in contrast to the present situation, received only a scratch on the hand, as well as mental injuries. Judge Hemphill, relying upon *Stewart*, denied defendant judgment on the pleadings, but made it clear that his claim of exclusivity could be pursued later. Moreover, Judge Hemphill placed considerable reliance

upon the fact that the plaintiff employee had not lost *any time* from work as a result of the injury, a situation different from the one before this court.[7]

In light of such cases such as *Thompson* and *Lowery*, decided after *Stewart*, *Stewart* and *Ritter* must be limited to their facts. No other South Carolina case since *Stewart* has purported to make physical disability a prerequisite to exclusivity. Regardless, however, whether *Stewart* and *Ritter* represent the controlling rule, their requirements have been here met, because appellant lost three and one-half work days as the result of the attack upon her.

In short, the present action illustrates an attempt to avoid the jurisdiction of the Industrial Commission in order to receive additional monetary compensation. Such an approach is forbidden by the law of this State. The employee gives up the right to bring an action such as this and in return gains the advantage of being able to claim compensation unhindered by the employer's reliance upon traditional tort defenses. *See Parker v. Williams and Madjanik, Inc.*, 275 S. C. 65, 267 S. E. (2d) 524, 526 (1980).

Thus, the employee does not have a choice as to whether to pursue a Workers' Compensation claim or seek recovery by way of a tort action. Rather, the relief available is controlled by the law applicable to the facts of the particular case. We regret that the law does not appear to provide appellant an adequate remedy in this case. Of course, this court does not make the law. As the trial judge observed, that is the prerogative of the legislature. If we were to hold appellant is entitled to bring the tort action in this case, this would necessarily amount to deciding that a rape victim, who suffers

---

[7] Appellant's reliance upon section 42-9-200, which limits payment of compensation benefits for a disability to those injuries where more than seven days from work have been lost, is clearly inapposite. Neither *Stewart*, nor *Ritter* make reference to this statute as a requisite for making the Act exclusive. Moreover, Chief Justice Bonham, who wrote the opinion in *Stewart*, emphasized in his dissent in *Thompson* that "[t]he complaint does not show that the plaintiff lost *any time* from his labor, or that he lost *any* money. It does not show that he has paid out *any* money for doctors' bills or medicines or hospital expenses." 19 S. E. (2d) at 231. (Emphasis added.) Judge Hemphill, in *Ritter*, employed the same type of analysis. Again, however, regardless of whether *Stewart* and *Ritter* are now controlling, the fact that plaintiff lost some work time, and had doctors' bills, medicine and hospital expenses, fully meets all the requirements that these cases impose.

the same injury, could not pursue a Workers' Compensation claim even though the injury suffered arose out of and was in the course of her employment. As a result, such a victim would be limited to bringing a tort action and, unlike appellant, could not even collect medical expenses from her employer unless she could prove the employer was somehow at fault in bringing about the rape. Most rape victims would doubtless find this difficult, if not impossible, to prove.

For these reasons, the order of the Circuit Court is

Affirmed.

GARDNER and BELL, JJ., concur.