1033

Carl BOULWARE, Appellant v. Steve MILLS and Cardinal
Tire Distributors, Incorporated, Respondents.

(362 S. E. (2d) 184)

Court of Appeals

*Marvin P. Jackson, Jr.,* Florence, *for appellant.*

*Frederick K. Jones,* Florence, and *William E. Durant, Jr.,*
Sumter, *for respondents.*

Heard Sept. 23, 1987.

Decided Oct. 26, 1987.

CURETON, Judge:

This is a civil assault and battery case. The circuit court granted the motions of the defendants, Steve Mills and Cardinal Tire Distributors Inc., for judgment on the pleadings. S.C.R. Civ. P. 12(c). Boulware appeals. We affirm.

Carl Boulware was employed by Cardinal Tire. In his complaint, he alleges he was assaulted by Steve Mills on March 29, 1985. The complaint states Mills committed the assault as the "agent, servant and employee of the Defendant Cardinal Tire Distributors, Incorporated." In the Statement of the Case, Mills is stated to be an employee of Cardinal Tire. The parties stipulated Boulware filed a workers' compensation claim based upon the same facts giving rise to this action. The record indicates Boulware recovered on the compensation claim which was settled by a "clincher" agreement. Boulware subsequently filed this action.

Both Mills and Cardinal Tire assert this action should be dismissed because Boulware previously recovered on his workers' compensation claim. The circuit court found Boulware elected to proceed under the workers' compensation law and was therefore barred from proceeding against Cardinal Tire pursuant to Section 42-1-540, Code of Laws of South Carolina, 1976, and was also barred from proceeding against Mills by virtue of Section 42-1-550.

We are not required to determine if Boulware sustained an injury by accident arising out of and in the course of his employment. The record indicates he has already received workers' compensation. Therefore, the issue is whether or not he has any further right to proceed against either Cardinal Tire, Mills, or both.

Under the facts of this case, Boulware has no right to proceed with a common law claim against Cardinal Tire. The status of Boulware and Cardinal Tire is that of employee and employer. Pursuant to Section 42-1-540, Code of Laws of South Carolina, 1976, Boulware has the right to seek workers' compensation from his employer. This provision is intended to bar all actions against an employer where a personal injury to an employee comes within the Act. *Doe v. S.C. State Hosp.*, 285 S. C. 183, 328 S. E. (2d) 652 (Ct. App. 1985). Boulware argues the workers' compensation statutes do not

provide the exclusive remedy for an intentional tort committed by an employer upon an employee. The South Carolina Supreme Court held the workers' compensation law does not exclude a remedy in tort when an assault is committed by the manager of a corporation. In that situation, the manager was considered to be the alter ego of the corporation. *Stewart v. McLellan's Stores Co.*, 194 S. C. 50, 9 S. E. (2d) 35 (1940). However, the Supreme Court later elucidated the Stewart opinion by emphasizing the case involved an assault by the employer (i.e. the manager as the alter ego of the corporation). Where an assault was committed by a foreman, the court indicated the situation involved a fellow employee and the remedy was under the Workers Compensation Act. *Thompson v. J. A. Jones Const. Co.*, 199 S. C. 304, 19 S. E. (2d) 226 (1942).

We see nothing in this record establishing Mills as the alter ego of Cardinal Tire. Further, Boulware misinterprets the non-exclusive aspect of workers' compensation law where there has been an assault by the employer. We do not interpret the law to mean the employee may recover workers' compensation and then proceed to file a suit against the employer under the common law. Rather, we agree with Professor Arthur Larson that in such a case the employee has the option to claim workers' compensation or sue his employer under the common law. 2A Larson, The Law of Workmen's Compensation, Section 68.12 (1987). See *Barrino v. Radiator Specialty Co.*, 315 N. C. 500, 340 S. E. (2d) 295 (1986).

In the Statement of the Case, Steve Mills is stated to be an employee of Cardinal Tire. The parties to an appeal are bound by the Statement of the Case. *Singleton v. Horry County School Dist.*, 289 S. C. 223, 345 S. E. (2d) 275 (Ct. App. 1986). The trial court referred to Mills in its order as a co-employee. Boulware did not except to this finding. An issue not raised by an exception will not be considered on appeal. *Walker v. Frericks*, 292 S. C. 87, 354 S. E. (2d) 915 (Ct. App. 1987).

Boulware's sole exception asserts error on the ground the workers' compensation law does not provide an exclusive remedy for intentional and willful torts committed by the employer on the employee. Under this exception, we are not required to address the issue of whether an employee may

collect workers' compensation and then pursue a common law action against a co-employee based upon the co-employee's intentional tort.

Affirmed.

SHAW and BELL, JJ., concur.