1704

Holly L. DICKERT, Appellant v. METROPOLITAN LIFE INSURANCE COMPANY and Bruce Smalley, Respondents.

(411 S.E. (2d) 672)

Court of Appeals

---

*Wilmot B. Irvin,* of *Glenn, Irvin, Murphy, Gray & Stepp,* Columbia, *for appellant.*

*James M. Brailsford, III,* and *Jacquelyn L. Bartley,* both of *Robinson, McFadden & Moore,* Columbia, *for respondents.*

Heard April 17, 1991.

Decided Oct. 7, 1991.

*Per Curiam:*

This action arises out of Holly L. Dickert's former employment as a sales representative for Metropolitan Life Insurance Company. Dickert sued the Company and Bruce Smalley, a Company sales manager and her immediate supervisor, for on the job harassment by Smalley. Against the Company she alleged negligence, breach of contract, assault and battery, intentional infliction of emotional distress, and invasion of privacy. Against Smalley she alleged assault and battery, intentional infliction of emotional distress, and invasion of pri-

vacy. The circuit court granted the Company and Smalley summary judgment, holding the exclusive remedy provision of the Workers' Compensation Law[1] barred Dickert's action. Dickert appeals. We affirm.

The sole issue on appeal is whether, as a matter of law, Dickert's claims are covered by workers' compensation.

In our judgment, the circuit court correctly decided this issue. Accordingly, we affirm and direct the circuit court's order to be printed, with minor deletions, as the opinion of this Court. In addition, we include a brief analysis distinguishing the Supreme Court's decision in *McSwain v. Shei*, — S.C. —, 402 S.E. (2d) 890 (1991), which was handed down during the pendency of this appeal.

## I.

### ORDER OF THE CIRCUIT COURT

The Defendants move for Summary Judgment pursuant to Rule 56, SCRCP, on the grounds that the Plaintiff's action is barred by the exclusive remedy provisions of the South Carolina Workers' Compensation Act.

In deciding a Rule 56 motion, the Court must view the facts and inferences therefrom in the light most favorable to the nonmoving party. *United States v. Diebold*, 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. (2d) 176 (1962). Summary judgment is appropriate only when the pleadings, depositions, interrogatory answers, admissions, and affidavits show that there is no genuine issue of material fact. *Diebold*, 369 U.S. 654, 655, 82 S. Ct. 993, 994. A party opposing a properly supported motion for summary judgment, however, may not rest on the mere allegations or denials of his pleading, but must set forth or point to specific facts showing that there is a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. (2d) 202 (1986). Thus, the existence of a mere scintilla of evidence in support of the nonmoving party's position is not sufficient to overcome a motion for summary judgment. *Anderson*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512. A party's response to the motion must set forth specific facts, admissible in evidence, showing there is a genuine issue for trial. If he does not so respond, summary

[1] S.C. Code Ann. § 42-5-10, *et. seq.* (1985).

judgment should be entered against him. *Moody v. McLellan,* 295 S.C. 157, 367 S.E. (2d) 449 (Ct. App. 1988), (citing Rule 56(e), SCRCP).

The underlying facts are hotly contested. However, for the purposes of this motion, the facts contained in the Complaint and the Plaintiff's deposition will be accepted as true. Based on those facts, the motion raises only a question of law— whether the Plaintiff's common law causes of action seeking damages for her work related emotional injury are barred by the exclusive remedy provisions of the South Carolina Workers' Compensation Act. For the reasons set forth below, I find that the Plaintiff's claims are indeed so barred, and the Defendants' Motion for Summary Judgment will be granted.

This cases arises out of the Plaintiff's employment as a sales representative with the Defendant Metropolitan Life Insurance Company from August, 1987, until she resigned in December, 1988. While employed by Metropolitan she worked under the direct supervision of the Defendant Bruce Smally, her branch manager. She alleges that she was subjected to a pattern of verbal, physical, and emotional harassment and abuse by Smalley at the place of her employment while performing their duties as employees of Metropolitan and while Smalley was acting as Plaintiff's manager and supervisor. The Plaintiff further alleges that the verbal, physical, and emotional harassment put her in fear of bodily harm and included loud and threatening criticism of her performance, criticism of her personal appearance, pounding and kicking her desk, shaking his fist at her in a threatening manner, throwing pens at her, and hitting her with a rate book. The Plaintiff alleges that this conduct on the part of the Defendant Smalley, while acting within the course of his employment and the scope of his authority as a branch manager of the Defendant Metropolitan, caused her severe emotional distress which, in turn, caused her to resign her job with Metropolitan and to suffer the loss of income which she otherwise would have been able to continue to earn as an employee of Metropolitan. These allegations of misconduct and injury form the basis of five separate causes of action: assault and battery, intentional infliction of emotional distress (outrage), negligence, breach of contract, and invasion of privacy.

The exclusive remedy provision of the Act is embodied in S.C. Code Ann. § 42-1-540 (1985), which provides in pertinent part that:

The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death . . .

This provision bars all actions against an employer where a personal injury to an employee comes within the Act. It thus makes the Act the exclusive means of settling all such claims. *Lowery v. Wade Hampton Co.*, 270 S.C. 194, 241 S.E. (2d) 556 (1978). As was noted in *Cook v. Mack's Transfer and Storage*, 291 S.C. 84, 352 S.E. (2d) 296 (Ct. App. 1986), in some situations the amount of compensation available under the Act may be substantially less than could be recovered in a successful common law action; however, the employee is more likely to receive benefits that he otherwise would have not received because of the difficulty in establishing employer liability. As the *Cook* court explained, "[t]his is the balance struck by the Legislature in order to afford the widest practical coverage for work related injuries." *Cook v. Mack's Transfer and Storage*, 352 S.E. (2d) at 298. Any expansion of the right of an employee to pursue common law damage suits against the employer automatically restricts the rights of all other employees to workers' compensation.

An injury is compensable pursuant to S.C. Code Ann. § 42-1-160 (1985) if it is an "injury by accident arising out of and in the course of employment . . . ." The "arising out of" element requires some causal connection between the employment and the resulting injury. *Carter v. Penney Tire and Recapping Co.*, 261 S.C. 341, 200 S.E. (2d) 64 (1973). The phrase "in the course of employment" requires that the injury occur within the period of employment, at a place where the employee reasonably may be in the performance of his duties,

and while fulfilling those duties or engaged in something incidental thereto. *Bickley v. South Carolina Electric & Gas Co.*, 259 S.C. 463, 192 S.E. (2d) 866 (1972). In applying these elements to determine whether a work related injury comes within the Act, the Workers' Compensation Act should be liberally construed toward the end of providing coverage rather than noncoverage in order to further the beneficial purposes for which it was designed. *Lanford v. Clinton Cotton Mills*, 204 S.C. 423, 30 S.E. (2d) 36 (1944); *Carter v. Penney Tire and Recapping Co., supra;* and *Cokeley v. Robert Lee, Inc.*, 197 S.C. 157, 14 S.E. (2d) 889 (1941).

South Carolina case law holds that injury resulting from an assault and battery by a co-employee or manager at the workplace and involving the performance of the employer's business is an injury by accident arising out of and in the course of employment. Such injury is therefore covered by the Act and is not cognizable at common law. In the case of *Thompson v. J.A. Jones Construction Co.*, 199 S.C. 304, 19 S.E. (2d) 226 (1942), the plaintiff brought a civil action for damages for assault and battery, alleging physical and mental injury resulting from an assault by the plaintiff's supervisor. The court held that "although an employee be willfully assaulted by another, whether fellow servant, foreman or outsider, the resulting injury will be deemed accidental and within the terms of the Compensation Law when it can be said that the assault proximately resulted from the prosecution of the employer's business,—in the terms of the Act[:] arose out of and in the course of the employment." *Thompson*, 19 S.E. (2d) at 228 (citations omitted). The court reversed the lower court which had erroneously held that the Act was not a bar to the civil action.

The case of *Skipper v. Southern Bell Telephone and Telegraph Company*, 271 S.C. 152, 246 S.E. (2d) 94 (1978), was another assault and battery case in which, as here, the injury was emotional in nature. The plaintiff alleged that her supervisor, Gloria Thompson, subjected her to unwarranted harassment culminating in a physical assault and emotional injury. The Industrial Commission, the Circuit Court, and the Supreme Court agreed that the emotional injury was acciden-

tal and that it, having occurred at work, was in the course of employment. In addressing the "arising out of" requirement of S.C. Code Ann. § 42-1-160, the court held:

> Critical to a determination as to whether injuries from an assault arise out of employment is the origin of the dispute between the protagonists. Professor Larson has stated it thusly in his treatise: 'Accidents [arise] out of the employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work.'

*Skipper*, 246 S.E. (2d) at 96 (citations omitted).

There appears to be no dispute about whether the Plaintiff's injury arose out of and in the course of her employment. The various acts of misconduct which she alleges caused her injury occurred in the office during working hours or out of the office while about the business of the employer, thereby occurring in the course of her employment. Furthermore, the Plaintiff alleges that the harassment, abuse, and the assault and battery allegedly committed by the Defendant Smalley largely related to his dissatisfaction with and his attempts to obtain improvement in her performance of her duties for the Defendant Metropolitan. Therefore, the conduct complained of and any resulting injury arose out of the employment.

Plaintiff attempts to escape the exclusive remedy bar by arguing that she has not suffered an accidental, disabling injury as contemplated by the Act in that she has only suffered mental injuries, unaccompanied by and not as a result of bodily injuries. However, as Plaintiff acknowledged in her brief, the recent case of *Stokes v. First National Bank*, 298 S.C. 13, 377 S.E. (2d) 922 (Ct. App. 1988), holds that a physical component is no longer necessary in order for a purely mental injury, even if caused by purely mental stimuli (the so-called "mental-mental" injury), to be compensable under the South Carolina Workers' Compensation Act. In *Stokes*, the plaintiff complained of purely emotional injury resulting from an increased workload due to an impending bank merger. The court held that such emotional injuries are compensable if the emotional

stimuli or stressors causing such injury are incident to and arise from unusual or extraordinary conditions of employment, without regard to the absence of any trauma or physical injury. *Stokes*, 377 S.E. (2d) at 927.

Plaintiff attempts to seek refuge in *Yates v. Life Insurance Co. of Georgia*, 291 S.C. 301, 353 S.E. (2d) 297 (Ct. App. 1987), contending that her injury is not the result of an unusual condition of work, but rather is the result of continual harassment and abuse over a period of time. In *Yates*, the plaintiff was a debit insurance agent who disliked pressuring clients to pay for their insurance and canceling their insurance when they failed to pay, which caused him to attempt suicide and injure himself. The court held that the plaintiff failed to show any evidence that his injury was a result of an "unusual event" or any "unusual or abnormal working conditions associated with his job." *Yates*, 353 S.E. (2d) at 300. To the contrary, the evidence was that "Yates' job was 'probably not' any different from those of the other agents . . . that there was 'probably not' anything 'unusual about this type of work in terms of what anybody else in the same job would have done' . . . and that his 'work was apparently quite similar to that of his coworkers.' " *Id.*

The *Yates* situation differs substantially from the one at hand where the Plaintiff alleges that highly abnormal working conditions caused her injury. The Plaintiff's case is much more closely akin to the recent case *Powell v. Vulcan Materials Company*, 299 S.C. 325, 384 S.E. (2d) 725 (1989). In that case, the plaintiff was harshly criticized by his supervisor because of the plaintiff's poor performance of his duties, which led to a heated argument. Although the exact nature of the incident was highly contested, an intense verbal exchange took place which caused the plaintiff to lose control of himself, begin to cry, and suffer emotional injury. The court held that the plaintiff's mental injury resulted directly from emotional stress brought on by the confrontation with his supervisor and, under *Stokes*, the mental injury, although not brought on by or accompanied by physical injury, was compensable under the Act.

. . . . . .

I am not unmindful of the fact that the Plaintiff's emotional injury is not alleged to be as severe as that alleged in some of the cases discussed herein. However, neither the severity of the injury nor its ultimate compensability plays a part in determining whether the Act applies and bars the civil action. The Court of Appeals addressed this issue in *Doe v. South Carolina State Hospital*, 285 S.C. 183, 328 S.E. (2d) 652 (Ct. App. 1985), wherein the plaintiff argued that since her injury from a rape was a "mental trauma," she had suffered no "disability" under the Act and her civil suit should not be barred. In rejecting this argument, the Court reasoned as follows:

> A tort action may not be brought against the employer regardless of whether the particular injury suffered is subject to actual compensation. If any injury arises out of and in the course of employment, the employee is 'restricted to his right of *claim* for compensation under the Act.' While employees injured by such accidents surrender their right to sue, in return they receive a right to *seek* Workers' Compensation benefits. However, the employee is not guaranteed that if he does not receive all the benefits which he perceives adequate, he possesses the additional remedy of a lawsuit. The exclusivity of the Act, cannot be made contingent upon the adequacy of the award. In short, a clear distinction must be drawn between an injury which does not come within the Act, and an injury which is itself covered but for which, under the facts of the particular case, no compensation is payable.

*Doe*, 328 S.E. (2d) at 657 (citations and footnote omitted).
The Court in *Doe* also cited *Lowery v. Wade Hampton Co.*, *supra*, which characterized the exclusivity provision as "sweeping," noting that the exclusivity provision applied as a bar in that case even though the injury, loss of consortium, was not a disability pursuant to the relevant section of the Act. *Doe*, 328 S.E. (2d) at 657.

.   .   .   .   .   .

All of Plaintiff's causes of action rest on the same factual allegations and seek the same damages, which include her emotional distress and her lost income from Metropolitan. Each cause of action is covered by S.C. Code Ann. § 42-1-540, which bars . . . "all other rights and remedies of such employee . . . at common law or otherwise . . ." including the breach of contract cause of action. As Professor Larson notes in his treatise, "[t]he all-inclusive character of the exclusiveness principle results in barring actions for covered injuries even though the plaintiff casts his action in the form of a breach of some kind of contract." 2A Larson, *Workmen's Compensation Law*, § 65.38 (1987).

Under the South Carolina Workers' Compensation Act, the employer's immunity from civil suit for injuries arising out of and in the course of employment extends also to any co-employee who is conducting the employer's business. S.C. Code Ann. § 42-5-10 (1985) provides in pertinent part that:

> Every employer who accepts the compensation provisions of this Title shall secure the payment of compensation to his employees in the manner provided in this chapter. While such security remains in force he or those conducting his business shall only be liable to any employee who elects to come under this Title for personal injury or death by accident to the extent and in the manner specified in this Title.

Thus, the exclusive remedy of the Act bars the action against both Defendants if the allegations against Defendant Smalley are directed toward his conduct of the business of Metropolitan.

In applying the term "those conducting his (the employer's) business," our courts have consistently held that a co-employee is immune from suit when that person, as an employee of a covered employer, was performing any work incident to the employer's business, regardless of whether that employee was employed in a menial, supervisory, or managerial capacity. *Nolan v. Daley*, 222 S.C. 407, 73 S.E. (2d) 449 (1952); *Powers v. Powers*, 239 S.C. 423, 123 S.E. (2d) 646 (1962), and *Young v. Warr*, 252 S.C. 179, 165 S.E. (2d) 797 (1969). The test

applied in determining whether a fellow employee is immune from common law liability is whether ". . . at the time of the delict, the employee . . . was performing work incident to the employer's business under circumstances which, in the absence of an applicable common law defense, would have rendered the employer liable at common law, for the acts of the employee under the doctrine of respondeat superior." *Boykin v. Prioleau*, 255 S.C. 437, 179 S.E. (2d) 599, 600 (1971), quoting *Williams v. Bebbington*, 247 S.C. 260, 146 S.E. (2d) 853, 855-56 (1966).

The Plaintiff alleges in her Complaint that all delicts of Defendant Smalley were committed while acting within the course of his employment and within the scope of his authority; that throughout the term of her employment, Plaintiff was subjected to abuse by Defendant Smalley while performing her duties as an employee and while he was acting as her manager and supervisor; and that the actions of Defendant Smalley interfered with her work performance and created an offensive work environment. As the Court held in *Doe v. South Carolina State Hospital, supra,* "[h]er [the plaintiff's] own pleadings and testimony defeat her argument that her injury did not arise out of her employment." *Doe,* 328 S.E. (2d) at 655-56. Furthermore, counsel for Plaintiff confirmed at oral argument that the Plaintiff stands by her position that all acts complained of by Defendant Smalley were within the course of his employment and the scope of his authority and that under the *Boykin v. Prioleau* respondeat superior analysis, if Defendant Metropolitan is immune from this civil suit, so is Defendant Smalley. I hold that both Defendants are entitled to the protection of the exclusive remedy provisions of the Workers' Compensation Act.

.   .   .   .   .   .

## II.

On appeal, Dickert asserts the intervening decision of the Supreme Court in *McSwain v. Shei,* — S.C. —, 402 S.E. (2d) 890 (1991), requires reversal of the summary judgment. In *McSwain,* the plaintiff was employed by Shei, the president and managing officer of Go Sport, Inc. Plaintiff developed a

bladder problem which required corrective surgery. When she informed Shei of her situation, he told her she would have to postpone the surgery in order to work the last three weeks of December or else be fired. Although he knew plaintiff's physician told her not to participate in the daily physical exercises at her workplace, Shei also required her to continue exercising each day. These mandated exercises aggravated plaintiff's symptoms, including incontinence, causing her great emotional distress. She sued Shei and Go Sport at common law for intentional infliction of emotional distress. The circuit court denied Go Sport summary judgment, holding the action was not barred by the exclusive remedy provision of the Workers' Compensation Law.

The Supreme Court affirmed. Applying *Stewart v. McLellan's Stores Co.*, 194 S.C. 50, 9 S.E. (2d) 35 (1940), the Court held intentional infliction of emotional distress by an employer on an employee is not an "accident" within the meaning of Code § 42-1-160. The employer will not be heard to say that an injury caused by his own intentional conduct was "accidental." Since the employer's intentional conduct is not covered by the statute, the exclusive remedy provision does not bar the employee from suing at common law for the employer's wrongful conduct.

Unlike McSwain's case, where the wrongful acts were committed by the employer, the managing officer of the corporation, Dickert's case involves acts committed not by the employer, Metropolitan, but by another employee, Smalley. The rule in *Stewart* covers cases involving an employer's direct liability, not its vicarious liability. *See Stewart, supra,* 194 S.C. at 56-57, 9 S.E. (2d) at 37-38 (manager of corporation is alter ego of employer, so that rule of respondeat superior does not bring the case within exclusive province of worker's compensation statute; acts of fellow employee distinguished). Therefore, neither *Stewart* nor *McSwain* applies to Dickert's claims.

Affirmed.